# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

TIMOTHY DeWAYNE LOWDER, :
:
         Petitioner :
:
VS. :
: NO. 5:10-CV-2 (CAR)
Warden LOREN GRAYER and STATE :
OF GEORGIA, :
:
         Respondents : **O R D E R**

     Petitioner **TIMOTHY DeWAYNE LOWDER** filed this *pro se* 28 U.S.C. § 2254 habeas corpus petition challenging the validity of his August 14, 1992 conviction in the Superior Court of Bibb County, Georgia, for which he received a 5-year sentence. Petitioner is currently incarcerated in the United States Penitentiary in Atlanta, Georgia, pursuant to a sentence of 210 months, imposed in 2007. Even though petitioner is no longer serving his 1992 sentence, petitioner challenges said sentence in this action because it allegedly was used to enhance his current federal sentence.

     Petitioner can no longer bring a federal habeas petition directed solely at his 1992 Georgia conviction, as he is not "in custody" with respect to this conviction. ***Maleng v. Cook***, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed"). More recently, the United States Supreme Court held in ***Lackawanna County Dist. Att'y v. Coss.***, 532 U.S. 394 (2001),

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id.* at 403-04.  Thus, although petitioner's 1992 conviction may have been used to enhance his current sentence, the earlier conviction is nevertheless not subject to review.

The only circumstances allowing petitioner to challenge the 1992 conviction would be if: (1) counsel was not appointed in violation of the Sixth Amendment; or (2) "no channel of review was available with respect to the prior conviction, through no fault of the petitioner." *Birotte v. Secretary for the Dep't of Corrections*, 236 Fed.Appx. 577, 579 (11th Cir. 2007) (citing *Lackawanna*, 532 U.S. at 402-04).  Neither exception is present here.  Petitioner's habeas petition indicates that he had counsel in the Bibb County proceeding, and he does not contend that he lacked any channel of review for his 1992 conviction.

Alternatively, the Court finds that petitioner's petition is patently time-barred by section 2254's one-year statute of limitations.

In light of the foregoing, the instant petition is hereby **DISMISSED**, **with prejudice**.

**SO ORDERED**, this 21st day of January, 2010.

                                               S/ C. Ashley Royal
                                               C. ASHLEY ROYAL
                                               UNITED STATES DISTRICT JUDGE